```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                       :
FOOD & CULINARY TECHNOLOGY             :  CIVIL ACTION NO. 06-3221 (MLC)
GROUP INC.,                            :
                                       :
         Plaintiff,                    :      MEMORANDUM OPINION
                                       :
     v.                                :
                                       :
ORE ENTERPRISES, LLC, et al.,          :
                                       :
         Defendants.                   :
                                       :
```

**THE COURT** having ordered the parties to show cause why the action should not be remanded to state court (1) for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) under the bar set by Section 1441 (dkt. entry no. 3); and the defendants removing this action, which was brought (1) in New Jersey state court on May 26, 2006, (2) to recover damages for, <u>inter</u> <u>alia</u>, breach of contract, and (3) against the defendants, Ore Enterprises, LLC ("OELLC"), Avigdor Orr, and Michael Baum; and the defendants (1) asserting jurisdiction under Section 1332 (Rmv. Not., at 1), and (2) bearing the burden of demonstrating jurisdiction, <u>see</u> 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action <u>sua</u> <u>sponte</u>, <u>see</u> 28 U.S.C. § 1447(c); and

**IT APPEARING** that (1) the plaintiff is a citizen of Nevada and Canada, and (2) Baum is a New Jersey citizen (Am. Compl., at 1-2); but the defendants alleging — without more — that OELLC "is a limited liability company duly organized and existing by virtue

of the laws of . . . New Jersey with a principal place of business [in] New Jersey" (id. at 2; Rmv. Not., at 2); but it appearing that limited liability companies — as opposed to corporations — are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and the defendants failing to name, and allege the citizenship of, each member of OELLC; and it appearing further that the defendants have failed to allege the citizenship of Orr at all (see Am. Compl., at 2 (stating — without more — Orr is OELLC president); Rmv. Not., at 2 (referring to amended complaint)); and

**IT APPEARING FURTHER** that an action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought," 28 U.S.C. § 1441(b), see <u>Bor. of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[u]nder § 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"), <u>Enviro-Gro Techs. v. Greeley & Hansen</u>, 794 F.Supp. 558, 560 (E.D. Pa. 1992) (stating Section 1441(b) "limit[s] the right of removal where an in-state defendant is a party even though diversity of citizenship exists"); and the Court being concerned that removal of the action is barred, as at least one defendant — <u>i.e.</u>, Baum — is a New Jersey citizen;[1] and

**THE COURT** being concerned that (1) either OELLC or Orr will not be a "citizen[] of [a] different State[]" in relation to the plaintiff, 28 U.S.C. § 1332(a)(1), or (2) removal is barred under Section 1441(b); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and the Court advising the parties that the action would be remanded for lack of jurisdiction unless the defendants were to (1) provide a list specifically naming, and alleging the citizenship of, each of OELLC's members as of May 26, 2006, with supporting

---

[1] The Court also is concerned that OELLC will be deemed to be a citizen of, among other states, New Jersey.

documentation, (2) demonstrate Orr's citizenship as of May 26, 2006, with supporting documentation, (3) demonstrate jurisdiction under Section 1332, and (4) demonstrate that removal of the action is not barred; and

**THE DEFENDANTS' COUNSEL** now asserting:

> Shortly after the removal was effectuated, counsel for the plaintiff pointed out the issue now raised by the Court in the Order to Show Cause.  Prior to receipt of the Court's Order to Show Cause, counsel had already worked out a stipulated order remanding the case back to State Court.  In short, our removal of the case was in error, for which we apologize

(7-24-06 Letter of Jeffrey I. Kaplan, at 1); and the defendants' counsel submitting what appears to be a copy of a consent order to remand (Consent); and the defendants electronically filing a copy of the consent order (dkt. entry no. 4); and thus the Court intending to (1) resolve the order to show cause before the return date of August 21, 2006, (2) grant the order to show cause, and (3) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge